UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, WILLIAM T. McDONOUGH, DAVID S. BLITZSTEIN, ROGER ROBINSON, KENNETH, R. BOYD, WALTER B. BLAKE, WILLIAM M. VAUGHN, III, RICHARD A. MANKA, MICHELE A. MURPHY, STEPHEN T. BROWN, RICHARD D. COX <br><br> 18861 90th Avenue, Suite A <br> Mokena, IL 60448 <br><br> Plaintiffs, <br><br> v. <br><br> E.M. SZCZEPKOWSKI & SONS, INC., d/b/a POLKA SAUSAGE <br><br> 8753 S. Commercial Avenue <br> Chicago, IL 60617 <br><br> Serve: E.M. Szczepkowski & Sons, Inc. <br> c/o Emanuel Tzanidakis <br> 8753 S. Commercial Avenue <br> Chicago, IL 60617 <br><br> and <br><br> EMANUEL TZANIDAKIS <br><br> 8753 S. Commercial Avenue <br> Chicago, IL 60617 <br><br> Defendants. | Case No. 10 CV 5704 |

**COMPLAINT**

Plaintiffs, by counsel, hereby complain of E.M. Szczepkowski & Sons, Inc. d/b/a Polka Sausage ("Polka Sausage") and Emanuel Tzanidakis ("Tzanidakis") as follows:

**Jurisdiction and Venue**

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. §§ 1331, 1337, and 1367, Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(e)(1), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

**Parties and Background**

3. Plaintiff United Food and Commercial Workers International Union-Industry Pension Fund ("Fund") is a multi-employer employee benefit plan within the meaning of Section 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).

4. Plaintiffs Anthony M. Perrone, William T. McDonough, David S. Blitzstein, Roger Robinson, Kenneth R. Boyd, Walter B. Blake, William M. Vaughn, III, Stephen T. Brown, Michele A. Murphy, Richard A. Manka, and Richard D. Cox are Trustees of the Fund. The Trustees are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Fund is administered in Mokena, Illinois. The Trustees bring this action on behalf of the Fund and its participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 29 U.S.C. § 185.

5. On information and belief, Polka Sausage is incorporated in the State of Illinois.

2

6. At all times relevant hereto, Polka Sausage maintained its principal place of business at 8753 S. Commercial Avenue, Chicago, Illinois 60617.

7. Defendant Emanuel Tzanidakis is a resident of Illinois. At all relevant times pertinent to this action, Tzanidakis was the owner and president of Polka Sausage.

8. Polka Sausage and the United Food and Commercial Workers Union Local 1546C are now and have been at all times pertinent to this action parties to a collective bargaining agreement ("Agreement") obligating Polka Sausage to make monthly payments to the Plaintiff Fund for any and all employees covered by the Agreement.

10. On January 10, 2008, Plaintiffs obtained a Judgment against Polka Sausage in the United States District Court for the Northern District of Illinois [Case Number 1:07-cv-04689], for delinquent contributions due to the Fund under ERISA Section 515, 29 U.S.C. § 1145, for the months of February 2005 through June 2006 and August 2007 through October 2007, interest on the delinquent contributions from date due at the Funds' interest rate, liquidated damages, and reasonable attorney's fees and costs of the action as provided under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2).

11. Plaintiffs and Defendants entered into a Settlement Agreement ("Settlement Agreement") dated March 29, 2010. Pursuant to the Settlement Agreement, Plaintiffs asserted that Polka Sausage owed the Judgment amount of $3,194.88, $217.64 in post-judgment interest for 775 days, $10,800 in additional delinquent contributions through January 2010, and $3,194.66 in post-judgment attorneys' fees and costs, less $2,000 already paid prior to the date of the Settlement Agreement, as full and final settlement of all matters in controversy regarding contributions owed to the Fund through January 2010.

12. Pursuant to the Settlement Agreement, Defendants agreed to pay the principle amount due of $15,407.40 and interest at 5 percent per annum, by making monthly payments in accordance with a payment schedule.

13. Defendant, Emanuel Tzanidakis, entered into the Settlement Agreement in his individual capacity and jointly and severally with Polka Sausage.

14. The Settlement Agreement also provides:

> Debtor Emanuel Tzanidakis, by his execution of this Agreement, further agrees that he personally guarantees and shall be liable for all amounts due under this Agreement and all future amounts due to the Fund pursuant to any applicable agreement, including collective bargaining agreement, or the Fund's governing documents.

15. Pursuant to the Settlement Agreement, if Defendants fail to timely make any of the payments described in the Settlement Agreement, the Funds are entitled to take "any and all legal action to collect any remaining Balance…amount as of the date of such default. In the event of Debtors' default, Debtors' agree that the Fund shall be further entitled to recover jointly and severally against the Debtors for all attorneys' fees and costs incurred by the Fund in collecting any remaining Balance starting on the date of default."

16. Defendants have failed to make any of the monthly payments as required by the Settlement Agreement and are in default of the Settlement Agreement.

### I. Claim Against Polka Sausage for Delinquent Contributions

17. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

18. For the period of November 2007 through March 2010, Polka Sausage has failed to pay the Fund the sum of $11,600 in required contributions owed under the terms of the Default Judgment of this Court and under the terms of the Settlement Agreement.

4

19. $2,320 represents the amount of liquidated damages in this action. This amount is 20% of the delinquent amount described in Paragraph 18, as calculated in accordance with ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2).

20. Interest on the unpaid contributions described in Paragraph 18 is accruing from the date due and continuing until payment is received.

21. Attorneys' fees accrued in collection of the unpaid contributions described in Paragraph 18 are owed as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2).

22. Unless ordered by this Court, Polka Sausage will continue to refuse to timely file remittance reports and to timely pay the Fund the amounts owed.

23. Based on the foregoing conduct, Polka Sausage has violated Section 515 of ERISA, 29 U.S.C. § 1145, and the terms of the Settlement Agreement.

24. Based on the foregoing conduct, Polka Sausage is indebted to the Fund in the minimum amount of $13,920, plus interest.

## II. Claim Against Tzanidakis for Delinquent Contributions

25. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

26. Defendant Tzanidakis agreed to be jointly and severally liable for the amounts owed under the terms of the Default Judgment of this Court and under the terms of the Settlement Agreement and agreed to be jointly and severally liable for "all future amounts due to the Fund pursuant to any applicable agreement, including collective bargaining agreement, or the Fund's governing documents."

27. For the period of November 2007 through March 2010, Defendants failed to pay the Fund the sum of $11,600 in required contributions owed under the terms of the Default Judgment and under the terms of the Settlement Agreement.

28. $2,320 represents the amount of liquidated damages in this action. This amount is 20% of the delinquent amount described in Paragraph 27, as calculated in accordance with ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2).

29. Interest on the unpaid contributions described in Paragraph 27 is accruing from the date due and continuing until payment is received.

30. Attorneys' fees accrued in collection of the unpaid contributions described in Paragraph 27 are owed as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2).

31. Unless ordered by this Court, Tzanidakis will continue to refuse to timely file remittance reports and to timely pay the Fund the amounts owed.

32. Under the terms of the Settlement Agreement, Defendant Tzanidakis is jointly and severally liable for all amounts due and owing under ERISA and the Settlement Agreement.

33. Based on the foregoing conduct, Defendant Tzanidakis has violated Section 515 of ERISA, 29 U.S.C. § 1145, and the terms of the Settlement Agreement.

34. Based on the foregoing conduct, Defendant Tzanidakis is indebted to the Fund in the minimum amount of $13,920, plus interest.

### III. Claim against Polka Sausage and Tzanidakis for Breach of Settlement Agreement

35. The Fund and the Defendants entered into the Settlement Agreement for payment of contributions owed under ERISA on March 29, 2010.

36. The Settlement Agreement provides that in the event of the Defendants' failure to timely pay the amounts owed under the Settlement Agreement, the Fund retains the right to pursue the remaining unpaid balance and the attorneys' fees and costs associated with the collection of the amounts owed.

37. As described herein, the Defendants have failed to pay any amounts owed pursuant to the Settlement Agreement.

39. Under the Settlement Agreement, the Fund is entitled to bring this action to collect the unpaid balance of $15,407.40 and the attorneys' fees and costs associated with this action.

**WHEREFORE**, Plaintiffs pray that the Court;

A. Order the Defendants to pay to the Fund:

(1) the sum of all delinquent payments as described herein;

(2) interest on all amounts due, from the dates they became due and owing as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(3) attorneys' fees and other costs and disbursements in this action as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2);

(4) the greater of interest on the delinquent amounts or liquidated damages of 20% of the delinquent amount as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); and

(5) additional amounts which may become delinquent during the pendency of this action or which become ascertainable based on the Fund's review of the Defendants' employment records.

B. Restrain and enjoin the Defendants, its officers, agents, servants, attorneys, successors, assigns, and all persons acting on its behalf or in conjunction with it from:

(1) refusing to timely file remittance reports due the Fund for all periods for which the Defendants are obligated to file such reports under the terms of a collective bargaining agreement; or

  (2) failing or refusing to pay to the Plaintiffs all amounts, including contributions, late fees, interest, liquidated damages, and costs due to the Trust for which the Defendants are obligated to make payments under the terms of the Agreement;

C. Retain jurisdiction of this case pending compliance with its Orders, and

D. Grant such other and further relief as the Court may deem just.


Dated: September 8, 2010    Respectfully submitted,


                s/ Jeffrey S. Endick_____
               Jeffrey S. Endick, Esq. (Bar No. 4133661)
               Alexandra A. Tsiros, Esq.
               Slevin & Hart, P.C.
               1625 Massachusetts Avenue, NW, Suite 450
               Washington, D.C. 20036
               (202) 797-8700


                s/ David Huffman-Gottschling_____
               David Huffman-Gottschling (Bar No. 6269976)
               Sherrie E. Voyles, Esq. (Bar No. 6242386)
               Jacobs, Burns, Orlove & Hernandez
               122 South Michigan Avenue, Suite 1720
               Chicago, IL 60603
               (312) 372-1646

               Counsel for Plaintiffs